IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GUILLERMO EDUARDO
CENTENO-MARROQUIN,

    Petitioner,
v.                                    CASE NO. 1:17-cv-172-MW-GRJ

SECRETARY, FLA.
DEPT. OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 and is proceeding pursuant to an Amended Petition, ECF No. 4 ("Petition"). The Petition stems from Petitioner's 2015 Levy County guilty plea to one count of robbery with a firearm and one count of grand theft, for which Petitioner is serving a total 15-year sentence. ECF No. 4. Respondent filed a Motion to Dismiss the Petition as untimely and unexhausted together with relevant portions of the state-court record. ECF Nos. 20, 21. Petitioner was afforded an opportunity to oppose the motion, and the Court granted Petitioner an extension of time until September 17, 2018, to do so. ECF Nos. 23, 25. As of this date, Petitioner has not opposed the motion. For the following reasons, the

undersigned recommends that the motion to dismiss be granted and the Petition dismissed as time-barred.

## One-Year Limitation Period

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions.  The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"   The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for postconviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."  28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## State-Court Proceedings

The procedural background of this case is established by the state court records appended to Respondent's motion.   ECF No. 20. Petitioner's conviction was affirmed *per curiam* without written opinion on July 20, 2015.  ECF No. 20-5 at 2.  Petitioner did not seek review in the United States Supreme Court.  While his direct appeal was pending, Petitioner filed two motions seeking postconviction relief pursuant to Fla. R. Crim. P. 3.850 in the trial court.  The motions were dismissed because the

trial court lacked jurisdiction to consider them while his appeal was pending. Petitioner was informed that he could re-file his motion once the direct appeal was final. ECF No. 20-4 at 11-12.

Petitioner did not file another postconviction motion until November 3, 2016. ECF No. 20-6 at 2-11. The motion was denied on the merits on November 18, 2016. ECF No. 20-7 at 2-6. Petitioner did not appeal.

Petitioner filed the instant federal habeas corpus petition on July 11, 2017. ECF No. 1. Petitioner asserts two grounds for relief: (1) his counsel did not fully inform him of the consequences of his plea agreement and Petitioner therefore did not understand his sentencing exposure; and (2) counsel failed to preserve issues for appeal. ECF No. 4 at 3-5.

## Discussion

Respondent correctly asserts that Petitioner's conviction became final, and the one-year limitations period began to run, on October 18, 2015, when the 90-day period for seeking a writ of certiorari in the U.S. Supreme Court expired. Absent tolling, Petitioner had until October 16, 2016, to file a timely federal habeas corpus petition.[1] Petitioner did not submit a properly-filed state postconviction motion until November 3, 2016, after the federal limitations period expired, and therefore his motion did not

---

[1] As Respondent points out, 2016 was a leap year.

toll the limitations period.  The petition, filed on July 11, 2017, is untimely by almost nine months.  Petitioner makes no argument that he is entitled to equitable tolling of the limitations period.  *See* ECF No. 4.  Moreover, even if the Petition were timely Petitioner would not be entitled to relief because he did not appeal the state court's denial of his postconviction motion, and therefore the claims in the instant petition are unexhausted.  *See* 28 U.S.C. §§ 2254(b)(1), (c).

Accordingly, for the foregoing reasons, the Respondent's motion to dismiss is due to be granted.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S.

473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1.  That Respondent's Motion to Dismiss, ECF No. 21, should be **GRANTED** and the petition for a writ of habeas corpus should be **DISMISSED** as untimely; and

2.  A certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 5th day of October 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.